IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY REDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-347-GPM |
| | ) |
| MARK PAYNE, C/O LOWRY, and C/O MOORE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Anthony Redman, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was housed at Centralia Correctional Center ("Centralia"). Plaintiff is serving concurrent 12 year sentences for four counts of residential burglary along with concurrent sentences on two other convictions. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds that Plaintiffs claims should receive further consideration.

**<u>The Complaint</u>**

On July 15, 2010, while Plaintiff was incarcerated at Centralia, Defendant Payne physically assaulted him while escorting him to segregation. The incident began with a verbal altercation between Plaintiff and Defendant Payne. Plaintiff's hands were cuffed behind him. When they were out of view of any witnesses, Plaintiff claims Defendant Payne grabbed Plaintiff's cuffs and pushed down forcefully, then jerked the cuffs upward, hurting Plaintiff's wrists and shoulder and cutting his wrists until they bled. Defendant Payne then pushed Plaintiff's head into a door. Plaintiff asserts he offered no physical resistance at any time during these events.

Defendant Lowry then took custody of Plaintiff, escorted him to the shower area, and locked him in. Defendant Lowry then grabbed Plaintiff's shirt through the bars and yanked Plaintiff toward

the bars. Plaintiff's head struck the bars, and Defendant Lowry punched Plaintiff's face with his fist. Again, Plaintiff maintains he did not resist and the attack was unprovoked. Defendant Moore stood by and watched Defendant Lowry's conduct without intervening. Defendant Lowry next removed Plaintiff's cuffs so he could strip and put on a segregation jumpsuit. Plaintiff's hands were cuffed behind him again, and Defendants Lowry and Moore took him to the segregation cell.

Defendant Lowry entered the cell with Plaintiff, where he punched Plaintiff in the jaw and kicked him in the stomach and chest. Defendant Moore again witnessed this behavior without intervention. A nurse came to the cell, cleaned up Plaintiff's blood, and gave him some medication for the swelling in his face.

Plaintiff seeks nominal, compensatory, and punitive damages for the use of excessive force against him.

**Discussion**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180, *citing Hudson v. McMillian*, 503 U.S. 1, 6 (1992). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

At this stage of the litigation, Plaintiff's allegations that Defendants Payne and Lowry yanked, shoved, and struck him while he offered no resistance states a claim for excessive force that is not

subject to dismissal.

Plaintiff further asserts that Defendant Moore merely stood by and watched Defendant Lowry assault him, and seeks to hold Defendant Moore equally liable for his injuries due to his failure to intervene. The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, stating:

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their duty to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987).

Accordingly, Plaintiff shall also be allowed to proceed with his excessive force claim against Defendant Moore.

**Disposition**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **PAYNE, LOWRY,** and **MOORE** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of

formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28

U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 30, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge